RECEIVED SMd
OCT 3 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| YOLANDA WHITE | CIVIL ACTION NO. 06-1445 |
| versus | JUDGE JAMES |
| DONALD PERRY, M.D., ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

Surviving relatives of Andre White filed a wrongful death/medical malpractice suit in state court against two physicians (and their respective medical-clinic employers) who allegedly treated Mr. White prior to his suicide. Dr. V. Faeza Jones is alleged to have treated Mr. White at Jones Clinic West, Inc. in Tallulah, Louisiana. Dr. Donald Perry is alleged to have treated Mr. White at Outpatient Medical Center, Inc. in Tallulah.

The United States removed that case (pending as 06 CV 0863) based on an assertion that Outpatient Medical Center, Inc. has been deemed eligible for Federal Tort Claims Act ("FTCA") malpractice coverage since 1996, thus permitting removal pursuant to the FTCA. See McLaurin v. U. S., 392 F.3d 774 (5th Cir. 2004). The Government also certified pursuant to 28 U.S.C. § 2679 that Dr. Perry was working in the course and scope of his employment at the clinic at the relevant times.

The Government filed in 06 CV 0863 a Motion to Substitute and to Dismiss. The undersigned has recently recommended that the motion be granted by (1) substituting the United States as defendant in place of Outpatient Medical Center, Inc. and Dr. Donald Perry

and (2) dismissing without prejudice all claims against the United States for failure of Plaintiffs to exhaust their FTCA administrative remedies before instituting this civil action.

Plaintiffs did file an administrative claim, but not until after they filed the state-court suit that became 06 CV 0843. By the time the issue was briefed to this court, the six-month waiting period had passed that would allow the filing of a suit based on the administrative claim, but Plaintiffs' filing suit too early nonetheless mandated dismissal without prejudice. Price v. U. S., 69 F.3d 46, 54 (5th Cir. 1995), citing McNeil v. U. S., 113 S.Ct. 1980 (1993).

Plaintiffs apparently realized that the exhaustion rules doomed their FTCA claims in 06 CV 0863, and they filed this new civil action that was commenced after the six-month period had run. The complaint (¶¶ 12-14) specifically invokes the FTCA as the basis for jurisdiction. The new complaint avoided the exhaustion defense, but Plaintiffs repeated a mistake they made in 06 CV 0843: they named as defendants Outpatient Medical Center, Inc. and Dr. Donald Perry rather than the United States. The Government has filed a **Motion to Dismiss (Doc. 4)**, now before the court, based on that issue. Plaintiffs have, inexplicably, failed to file a timely opposition to the motion or attempted to amend their complaint to substitute the United States as defendant.

The exclusive remedy for compensation for tortious acts committed in the scope of employment by a federal employee or one deemed a federal employee is the FTCA. "To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant." McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998). "[T]he United States, and not the

responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988).

Furthermore, once the Government files a statutory course-and-scope certification, the "action or proceeding shall be deemed to be an action or proceeding brought against the United States under the [FTCA], and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2).[1]

The Government filed evidence in 06 CV 0863 that Outpatient Medical Center is deemed to be an employee of the Federal Government for purposes of the FTCA malpractice claims at issue in these suits. The United States Attorney also filed in 06 CV 0863 a certification that Dr. Perry was acting within the scope of his office or employment at the

---

[1] Section 2679(d) provides:

(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

clinic at the time of the alleged malpractice. Such a certification permits substitution of the United States as the party defendant. 28 U.S.C. §2679(d).

Rather than dismiss the case altogether and require Plaintiffs to file a third complaint arising from their claims, it is recommended that the better course is to dismiss the claims against the clinic and Dr. Perry but substitute the United States as defendant in their place. This will allow the litigation to progress without needless delay or expense and will avoid the unnecessary risk of giving rise to a limitations issue. The undersigned has, in a Report and Recommendation in 06 CV 0863, discussed whether consolidation of the two related cases may be in order. Those comments are incorporated herein by reference.

Accordingly,

**IT IS RECOMMENDED** that the Government's **Motion to Dismiss (Doc. 4)** be granted and that all claims against Outpatient Medical Center, Inc. and Dr. Donald Perry be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that the United States be substituted as defendant in place of Outpatient Medical Center, Inc. and Dr. Donald Perry.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 30th day of October, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge James